Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed September 8, 2014, which, among other things, assessed a monetary penalty against claimant’s counsel pursuant to Workers’ Compensation Law § 114-a (3) (ii).
Claimant, who resides in Brooklyn, was injured in the course of his employment as a correction officer in Queens. Claimant’s counsel, Gerarda M. Rella of Rella & Associates, P.C., filed a claim on his behalf for workers’ compensation benefits with the Workers’ Compensation Board along with, among other things, a venue request. The venue request was supported by a handwritten note signed by claimant asking that his hearing be held in the City of White Plains, Westchester County, asserting that “it is the most efficient hearing point in the [sítate” based upon his “wish to limit the amount of time lost from work for attendance at hearing [sic]” and that having it at this hearing point “will accomplish that goal.” The Workers’ Compensation Law Judge (WCLJ) denied the venue request, noting that claimant’s place of residence, Brooklyn, was the proper venue and that he had not shown good cause for venue in White Plains. Noting that, prior to this application, Rella had been advised in a similar matter that venue was not established for the convenience of the attorney, the WCLJ concluded that Rella’s venue request was made without reasonable grounds and imposed a penalty on Rella of $500 pursuant to Workers’ Compensation Law § 114-a (3) (ii). On claimant’s application for review, the Board affirmed, with one Board member dissenting. Upon claimant’s application for reconsideration or full Board review, the Board affirmed and assessed an additional penalty of $500 for the frivolous appeal. Rella now appeals.
We affirm. As a general rule, the chair of the Board is *1385 authorized to set the time and location for Board hearings (see Workers’ Compensation Law § 141; 12 NYCRR 300.7; Matter of Fraser v NYC Schs. Constr. ROCIP, 120 AD3d 852, 853 [2014]). “[H]earings are to be scheduled in the district where the claimant resides and venue change requests involving a municipal corporation shall not be granted except to a district office where the employer is located” (Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013] [internal quotation marks omitted]; see Matter of Thomas-Fletcher v New York City Dept. of Corr., 120 AD3d 867, 867 [2014]; Matter of Mejia v Camabo Indus., Inc., 117 AD3d 1362, 1362 n [2014]). The Board has the authority pursuant to Workers’ Compensation Law § 114-a (3) (ii) to impose a penalty against a claimant’s attorney for submitting, without reasonable grounds, a change of venue request, a procedural motion that is deemed to be a proceeding under the statute (see Matter of Maiorano v Alman Plumbing, 119 AD3d 1254, 1254 [2014]; Matter of Mejia v Camabo Indus., Inc., 117 AD3d at 1363; Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [2013]; Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]).
Rella’s venue request was based upon entirely unsupported assertions that failed to justify a change of venue either outside of claimant’s residential district or the district where his public employer is located (see Matter of Maiorano v Alman Plumbing, 119 AD3d at 1254; Matter of Toledo v Administration for Children Servs., 112 AD3d at 1210). We further find that the Board acted within its discretion in declining to consider the newly proffered justification for the venue request, which Relia advanced for the first time in the application for Board review (see 12 NYCRR 300.13 [e] [1] [iii]). As to the merits, the Board properly rejected Rella’s belated contention that venue in White Plains promoted judicial economy — namely, that claimant had other workers’ compensation claims pending in the nearby City of Peekskill, Westchester County — given the Board’s finding that there was no reason to anticipate that claimant would be required to attend future hearings in those pending cases, as they were nearing completion. As substantial evidence supports the Board’s finding that, prior to this venue change request, Relia had been advised in another matter involving “virtually identical circumstances” regarding the rules governing venue and that Relia had no reasonable basis for either the motion to change venue or the appeal to the Board, we decline to disturb the Board’s assessment of separate penalties for the venue request and the appeal to the Board (see Workers’ Compensation Law § 114-a [3] [ii]; Matter of Fraser v NYC *1386 Schs. Constr. ROCIP, 120 AD3d at 853; Matter of Difilippo v Con Edison, 117 AD3d 1363, 1364 [2014]; Matter of Banton v New York City Dept. of Corr., 112 AD3d at 1197). Rella’s remaining claims, to the extent they have been preserved for our review, have been considered and found to be without merit.
Peters, P.J., Lahtinen, Rose and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.